1  KAREN P. HEWITT
   United States Attorney
2  DAVID D. LESHNER
   Assistant U.S. Attorney
3  California State Bar No. 207815
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7163
   David.Leshner@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-CR-2254-BTM |
|---|---|---|
11 | Plaintiff, | ) ) | DATE: August 15, 2008 |
|   |   | ) | TIME: 1:30 p.m. |
12 | v. | ) |   |
|   |   | ) |   |
13 | BRIAN KEITH HIGGS, | ) | **UNITED STATES' RESPONSE AND** |
|   |   | ) | **OPPOSITION TO DEFENDANT'S** |
14 | Defendant. | ) | **MOTIONS TO COMPEL DISCOVERY** |
|   |   | ) | **AND FOR LEAVE TO FILE FURTHER** |
15 |   | ) | **MOTIONS** |
|   |   | ) |   |

16

17

18        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

19 Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and

20 hereby files its response and opposition to defendant Brian Keith Higgs's motions to compel discovery

21 and for leave to file further motions.  Said  response and opposition is based upon the files and records

22 of this case together with the attached memorandum of points and authorities.

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF THE CASE

On July 8, 2008, defendant Brian Keith Higgs was arraigned on a 20-count Indictment charging him with bringing in illegal aliens for financial gain, bringing in illegal aliens without presentation and aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii), 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. Defendant entered a plea of not guilty.

## II

## STATEMENT OF FACTS

**A.    Defendant's Apprehension**

On June 22, 2008, Defendant attempted to enter the United States from Mexico through the San Ysidro, CA Port of Entry as the driver and sole visible occupant of a Ford F-150 pickup truck. Defendant informed the Customs and Border Protection ("CBP") officer at primary inspection that he had purchased the vehicle a couple of days ago. Records checks revealed the vehicle had been reported stolen.

At secondary inspection, a Human Narcotic Detector Dog alerted the rear of the truck bed. CBP officers discovered a non-factory compartment underneath the truck bed. Two individuals were concealed inside the non-factory compartment. Both individuals admitted to being Mexican citizens with no documents allowing them to enter or remain in the United States.

**B.    Defendant's Post-Arrest Statement**

Defendant received <u>Miranda</u> warnings and agreed to make a statement. Defendant admitted knowledge of the two undocumented aliens concealed in the rear of the pickup truck. According to Defendant, he was not being paid to smuggle the individuals concealed in the truck. Rather, Defendant stated he was smuggling aliens in order that "La Familia" would stop harassing him. His instructions were to drop off the truck in Chula Vista, CA.

Defendant admitted to smuggling aliens on two prior occasions. CBP records show defendant was apprehended on August 25, 2007 and December 26, 2006 attempting to enter the United States with undocumented aliens concealed in his car. On each of those two prior occasions, Defendant admitted

to being paid to smuggle aliens into the United States.

**C.    Material Witness' Statement**

The material witness, Adelina Martinez-Morales, stated that she is a Mexican citizen with no documents allowing her to enter or remain in the United States.  She informed CBP officers that she was paying 500 Mexican pesos to be smuggled into the United States to be with her husband.

**III**

**ARGUMENT**

**A.    Motion For Discovery**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided defendant with 116 pages of discovery, including the report of his arrest, his rap sheet and a DVD of his post-arrest statement and the material witness' statement.

In an attempt at simplification, this memorandum will address two specific areas of discovery: (1) items which the Government either has provided or will voluntarily provide; and (2) items demanded or discussed by Defendant which go beyond the strictures of Rule 16 and are not discoverable.

**1.    Items which the Government has provided or will voluntarily provide.**

a.    The Government will disclose to Defendant and make available for inspection, copying or photographing:  any relevant written or recorded statements made by Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; and that portion of any written record containing the substance of any relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known to Defendant to be a Government agent.  The Government also will disclose to Defendant the substance of any other relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known by Defendant to be a Government agent if the Government intends to use that statement at trial.

b.    The Government will permit Defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the

preparation of Defendant's defense or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant;[1]

   c. The Government will permit Defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are in the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of his defense or are intended for use by the Government as evidence during its case-in-chief at trial;[2]

   d. The Government has furnished to Defendant a copy of his prior criminal record, which is within its possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government;

   e. The Government will disclose the terms of all agreements (or any other inducements) with cooperating witnesses, if any are entered into;

   f. The Government may disclose the statements of witnesses to be called in its case-in-chief when its trial memorandum is filed;[3]

   g. The Government will disclose any record of prior criminal convictions that could be used to impeach a Government witness prior to any such witness' testimony;

   h. The Government will disclose in advance of trial the general nature of other

---

[1] Rule 16(a)(1)(C) authorizes defendant to examine only those Government documents material to the preparation of his defense against the Government's case-in-chief. United States v. Armstrong, 517 U.S. 456, 463 (1996). Rule 16 does not require the disclosure by the prosecution of evidence it intends to use in rebuttal. United States v. Givens, 767 F.2d 574, 583 (9th Cir. 1984).

[2] The Government need not "disclose every single piece of paper that is generated internally in conjunction with scientific tests." United States v. Iglesias, 881 F.2d 1519, 1524 (9th Cir. 1989).

[3] Production of these statements is governed by the Jencks Act and need occur only after the witness testifies on direct examination. United States v. Mills, 641 F.2d 785, 789-790 (9th Cir. 1981); United States v. Dreitzler, 577 F.2d 539, 553 (9th Cir. 1978). For Jencks Act purposes, the Government has no obligation to provide the defense with statements in the possession of a state agency. United States v. Durham, 941 F.2d 858, 861 (9th Cir. 1991). Prior trial testimony does not fall within the scope of the Jencks Act. United States v. Isigro, 974 F.2d 1091, 1095 (9th Cir. 1992). Further, an agent's recorded radio transmissions made during surveillance are not discoverable under the Jencks Act. United States v. Bobadilla-Lopez, 954 F.2d 519, 522-23 (9th Cir. 1992). The Government will provide the grand jury transcripts of witnesses who have testified before the grand jury if said testimony relates to the subject matter of their trial testimony. Finally, the Government reserves the right to withhold the statement of any particular witness it deems necessary until after the witness testifies.

crimes, wrongs, or acts of Defendant that it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence;

   i. The Government acknowledges and recognizes its continuing obligation to disclose exculpatory evidence and discovery as required by Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), the Jencks Act and Rules 12 and 16 of the Federal Rules of Criminal Procedure, and will abide by their dictates.[4]

  **2.** **Items which go beyond the strictures of Rule 16**

   **a.** **Disclosure of witness information**

Defendant seeks numerous records and information pertaining to potential Government witnesses. Regarding these individuals, the Government will provide Defendant with the following items prior to any such individual's trial testimony:

   (1) The terms of all agreements (or any other inducements) it has made with cooperating witnesses, if they are entered into;

   (2) All relevant exculpatory evidence concerning the credibility or bias of Government witnesses as mandated by law; and,

   (3) Any record of prior criminal convictions that could be used to impeach a Government witness.

The Government opposes disclosure of rap sheet information of any Government witness prior to trial. See United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). Furthermore, any uncharged prior misconduct attributable to Government witnesses, all promises made to and consideration given to witnesses by the Government, and all threats of prosecution made to witnesses by the Government will be disclosed if required by Brady and Giglio.

///

///

---

[4] Brady requires the Government to produce all evidence that is material to either guilt or punishment. The Government's failure to provide the information required by Brady is constitutional error only if the information is material, that is, only if there is a reasonable probability that the result of the proceeding would have been different had the information been disclosed. Kyles v. Whitley, 514 U.S. 419 (1995). However, neither Brady nor Rule 16 require the Government to disclose inculpatory information to the defense. United States v. Arias-Villanueva, 998 F.2d 1491 (9th Cir. 1993).

### b. Agents' rough notes

Although the Government has no objection to the preservation of agents' handwritten notes, the Government objects to their production at this time. If during any evidentiary proceeding, certain rough notes become relevant, these notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions <u>and</u> they have been approved or adopted by the witness. <u>United States v. Spencer</u>, 618 F.2d 605, 606-07 (9th Cir. 1980); <u>United States v. Kaiser</u>, 660 F.2d 724, 731-32 (9th Cir. 1981); <u>United States v. Griffin</u>, 659 F.2d 932, 936-38 (9th Cir. 1981).

### c. Government reports, summaries and memoranda

Rule 16 provides, in relevant part:

> [T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or <u>other government agent in connection with the investigating or prosecuting of the case</u>.

Rule 16(a)(2). This subsection exempts from disclosure documents prepared by government attorneys and agents that would otherwise be discoverable under Rule 16. <u>United States v. Fort</u>, 472 F.3d 1106, 1110 & n.2 (9th Cir. 2007).

As expressed previously, the Government recognizes its obligations pursuant to <u>Brady</u>, <u>Giglio</u>, Rule 16, and the Jencks Act.[5] But the Government shall not turn over internal memoranda or reports which are properly regarded as work product exempted from pretrial disclosure.[6] Such disclosure is supported neither by the Rules of Evidence nor case law and could compromise other areas of investigation still being pursued.

### d. Addresses and phone numbers of Government witnesses

Defendant requests the names and addresses of prospective Government witnesses. While the Government <u>may</u> supply a tentative witness list with its trial memorandum, it objects to providing home addresses and telephone numbers. See <u>United States v. Sukumolachan</u>, 610 F.2d 685, 688 (9th Cir.

---

[5] Summaries of witness interviews conducted by Government agents are not Jencks Act statements. <u>United States v. Claiborne</u>, 765 F.2d 784, 801 (9th Cir. 1985).

[6] The Government recognizes that the possibility remains that some of these documents may become discoverable during the course of the trial if they are material to any issue that is raised.

1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses).

### e. Personnel files of federal agents

Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984), the Government agrees to review the personnel files of its federal law enforcement witnesses and to "disclose information favorable to the defense that meets the appropriate standard of materiality . . . ." Cadet, 727 F.2d at 1467-68. Further, if counsel for the United States is uncertain about the materiality of the information within its possession, the material will be submitted to the court for in-camera inspection and review. In this case, the Government will ask the affected law enforcement agency to conduct the reviews and report their findings to the prosecutor assigned to the case.

In United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992), the Ninth Circuit held that the Assistant U.S. Attorney assigned to the prosecution of the case has no duty to personally review the personnel files of federal law enforcement witnesses. In Jennings, the Ninth Circuit found that the present Department of Justice procedures providing for a review of federal law enforcement witness personnel files by the agency maintaining them is sufficient compliance with Henthorn. Id. In this case, the Government will comply with the procedures as set forth in Jennings.

Finally, the Government has no duty to examine the personnel files of state and local officers because they are not within the possession, custody or control of the Federal Government. United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

### f. Reports of witness interviews

To date, the Government does not have any reports regarding witness interviews or otherwise that have not been turned over to Defendant. However, to the extent that such additional reports regarding witness interviews are generated, the information sought by Defendant is not subject to discovery under the Jencks Act, 18 U.S.C. § 3500.

Reports generated in connection with a witness's interview session are only subject to production under the Jencks Act if the witness signed the report or otherwise adopted or approved the contents of the report. See 18 U.S.C. § 3500(e)(1); United States v. Miller, 771 F.2d 1219, 1231-31 (9th Cir. 1985)

1  ("The Jencks Act is, by its terms, applicable only to writings which are signed or adopted by a witness
2  and to accounts which are substantially verbatim recitals of a witness' oral statements."); United States
3  v. Friedman, 593 F.2d 109, 120 (9th Cir. 1979) (interview report containing a summary of a witness'
4  statements is not subject to discovery under the Jencks Act); United States v. Augenblick, 393 U.S. 248,
5  354 (1969) (rough notes of witness interview not a "statement" covering entire interview).  Indeed,
6  "both the history of the [Jencks Act] and the decisions interpreting it have stressed that for production
7  to be required, the material should not only reflect the witness' own words, but should also be in the
8  nature of a complete recital that eliminates the possibility of portions being selected out of context."
9  United States v. Bobadilla-Lopez, 954 F.2d 519, 522 (9th Cir. 1992).

### g. Expert witnesses

The Government will disclose to Defendant the name, qualifications, and a written summary of testimony of any expert the Government intends to use during its case-in-chief at trial pursuant to Fed. R. Evid. 702, 703, or 705 three weeks prior to the scheduled trial date.

### h. Other discovery requests

To the extent that the above does not answer all of Defendant's discovery requests, the Government opposes the motion on the grounds that there is no authority requiring the production of such material.

## B. Motion For Leave To File Further Motions

The Government does not oppose granting leave to file further motions so long as any such motions are based on evidence not already produced in discovery or known to Defendant.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny defendant's motion to compel discovery.

DATED: July 28, 2008.    Respectfully submitted,

Karen P. Hewitt
United States Attorney

s/ David D. Leshner
DAVID D. LESHNER
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08-CR-2254-BTM |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| BRIAN KEITH HIGGS, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Gregory Murphy, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2008.

    /s/ David D. Leshner
DAVID D. LESHNER